UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT SPRINGFIELD, ILLINOIS

| | |
|---|---|
| JACQUELINE KUCIA, | ) |
|     Plaintiff, | ) JURY DEMAND |
| | ) |
| v. | ) Case No. 17-CV-_____ |
| | ) |
| ARCHER-DANIELS-MIDLAND COMPANY, | ) |
| a Delaware corporation, | ) |
|     Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES, Plaintiff, JACQUELINE KUCIA, ("KUCIA") by her counsel, Dawn L. Wall of Costigan & Wollrab, P.C., and complaining of the Defendant, ARCHER- DANIELS-MIDLAND COMPANY, a Delaware corporation, ("ADM") states as follows:

I.     JURISDICTION

    1.     That this action is brought under the Americans with Disabilities Act of 1990, as amended, 29 U.S.C. § 12101 et seq. ("ADA") and the Family and Medical Leave Act, 29 U.S.C. §2601 et seq. ("FMLA") which together with 28 U.S.C. § 1331 vests this Court with jurisdiction.

    2.     KUCIA has complied with all administrative prerequisites by filing a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"); and KUCIA has received a right to sue letter from the EEOC, a copy of which is attached hereto and incorporated herein by reference as Exhibit "A".

    3.     This Complaint is being brought within ninety (90) days of KUCIA'S counsel's receipt of the right to sue letter.

II.     VENUE

4.      Venue is properly placed in the Central District of Illinois, Springfield Division, under 28 U.S.C.A §1391(b) as KUCIA resided in McLean County, Illinois at all times relevant to the matters set forth in this Complaint and ADM conducts business as a registered foreign business corporation in the State of Illinois and has one of its principal places of business in Decatur, Macon County, Illinois and the acts complained of occurred in this Springfield Division.

III.    PARTIES

5.      KUCIA is a citizen of the United States and was a resident of McLean County, Illinois at all times relevant to the matters set forth in this Complaint; and KUCIA is over the age of 18 years.

6.      ADM is a Delaware corporation conducting business in the State of Illinois and having one of its principal places of business in Decatur, Macon County, Illinois.

7.      ADM is an employer within the meaning of the ADA and the FMLA.

IV.     FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8.      KUCIA was employed by ADM as a business analyst beginning in November of 2012 and continuing to the time of her separation from employment on May 8, 2015.

9.      At all times during her employment with ADM, KUCIA's work performance met the legitimate business expectations of ADM.

10.     During her employment with ADM, KUCIA requested reasonable accommodations to allow KUCIA to continue to perform her assigned job duties.

11.     Beginning in January of 2015 and continuing intermittently from time to time until on or about May 4, 2015, KUCIA had various medical conditions requiring medical care and treatment, including but not limited to surgical intervention.

12.     During certain times, KUCIA's medical conditions substantially impaired her activities of daily living and she was unable to perform all of the essential functions of her position with ADM without accommodation during some periods of time between January of 2015 and May of 2015.  KUCIA was able to resume performing her job duties with reasonable accommodation on April 2, 2015, but KUCIA's supervisor with ADM refused to grant KUCIA the accommodation to allow KUCIA to work from home on a temporary basis as required by her treating physician. KUCIA's supervisor informed KUCIA that she was not allowed to resume work for ADM until she was released to "full duty" work by her physician. Thereafter, KUCIA was allowed to resume working regular duty on May 4, 2015; but ADM refused to return KUCIA to work in the payroll system and otherwise failed to return KUCIA to the employment status she had enjoyed prior to her utilization of FMLA leave.

13.     During the period from April 2, 2015 up to and including to May 4, 2015, KUCIA made requests to ADM for reasonable accommodation, including but not limited to allowing her to perform her job duties as a business analyst remotely from home for a limited duration of hours per day and days per week for a limited period of time until such time as her condition allowed her to return to the work place in Decatur on a full time basis; and other reasonable accommodations available to KUCIA under the provisions of the ADA, including specifically a request that ADM engage in good faith in the interactive process, as provided in the ADA regulations in effect in 2013.

14. That at the time of KUCIA's requests for accommodation and up to the date of KUCIA's separation from employment with ADM on May 8, 2015, KUCIA was qualified to perform and was performing the essential functions of the job of a business analyst with and without reasonable accommodations, which reasonable accommodations had been requested by KUCIA as a result of her medical conditions and disabilities, which disabilities were recognized disabilities within the meaning of the ADA.

15. That KUCIA herself had been allowed to work remotely from time to time prior to April of 2015 and perform her job duties as business analyst remotely from home.

16. That other similarly situated employees of ADM, including other business analysts and including KUCIA's supervisor were allowed to work remotely.

17. Prior to her separation of employment with ADM, KUCIA had submitted all of the requested medical information to ADM. In addition, KUCIA had complied with ADM's requests for medical information, including but not limited to providing all of her medical information to Aetna, ADM's third party disability leave administrator.

18. Thereafter, ADM refused to update KUCIA's work status as "returned to work" in the ADM Payroll system despite the fact that ADM's Managers' Benefits Administration Guide required KUCIA's status to be updated within one day of her return to work. Despite ADM's policies and despite repeated requests of KUCIA inquiring as to her work status and whether she was going to be paid for her time at work, KUCIA's supervisor failed to restore KUCIA's work status in the ADM Payroll system in accordance with the policies of ADM.

19. On and after April 2, 2015, KUCIA was treated differently by her supervisor and others in Human Resources at ADM due to her diagnosed medical conditions and her symptoms; and due to her exercise of her right to take FMLA leave in violation of the provisions of the

ADA and FMLA. In particular, KUCIA's supervisor made remarks to KUCIA regarding her slurred speech, and her shaking caused by her diagnosed medical conditions. KUCIA's supervisor also ridiculed KUCIA in front of other colleagues; and refused to confer with KUCIA regarding any work matters unless the conversation occurred in front of someone from Human Resources. These conditions were humiliating to KUCIA and impeded her ability to perform her work for ADM. A reasonable person would have deemed these actions as an encumbrance to continued employment.

20. As a consequence of ADM's refusal to provide KUCIA with assurance of her continued work status and the work conditions created by KUCIA's supervisor, KUCIA was required to seek other employment as ADM refused to affirm KUCIA's status of being "returned to work" as a paid employee of ADM.

21. That KUCIA made ADM aware of her medical and physical impairments in accordance with applicable law and the policies and procedures applicable to employees of ADM; and prior to the expiration of her available FMLA leave

### COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

22. That KUCIA's medical and physical impairments substantially limited one or more of her major life activities during periods of time relevant to the matters set forth herein.

23. That prior to KUCIA's return to work from FMLA leave in May of 2015, KUCIA had a recognized disability and was a qualified individual as defined by the provisions of the ADA.

24. KUCIA requested prior to her return to work from FMLA leave, reasonable accommodations from ADM.

25. That ADM's refusal to grant KUCIA reasonable accommodations was retaliatory and in violation of the provisions of the ADA.

26. ADM, through its authorized agents, refused to restore KUCIA's work status to the same work status KUCIA had enjoyed prior to her use of her FMLA leave; and prior to ADM receiving information that KUCIA suffered from a disability and was a qualified individual under the applicable provisions of the ADA. ADM's refusal to restore KUCIA to her prior employment status, and ADM's refusal to grant KUCIA assurance that her position and her employee status and benefits were going to be fully restored led to KUCIA having to seek other employment. As a consequence of ADM'S actions, KUCIA was constructively separated from her position with ADM in retaliation for her request for reasonable accommodation and ADM's knowledge of her disability in violation of the ADA.

27. That prior to KUCIA's separation of employment with ADM, KUCIA was performing the essential functions of her position with and without accommodation; and KUCIA was meeting the reasonable expectations of ADM applicable to employees of ADM.

28. That said actions by ADM in refusing to provide KUCIA with verification of her status as an employee and ADM's refusal to provide KUCIA with assurance of her continued employment and receipt of employee benefits in accord with her status and employee benefits enjoyed prior to her exercise of her rights under the FMLA and the ADA were discriminatory, retaliatory and in violation of the provisions of the ADA prohibiting discrimination by an employer against an employee due to disabilities or perceived disabilities; and in violation of the provisions of the ADA prohibiting retaliation against an employee for the employee's exercise of their rights afforded under the ADA.

29. That the actions of KUCIA's supervisor after KUCIA was released to modified work on April 2, 2015 were retaliatory and humiliating and in violation of the protections afforded KUCIA under the provisions of the ADA.

30. As a result of the unlawful and willful acts complained of herein, KUCIA has suffered compensatory damages, including but not limited to lost wages and lost employee benefits, including but not limited to insurance, pension benefits, and other related compensation and benefits, has incurred attorneys' fees and other expenses related thereto, all to KUCIA's detriment.

WHEREFORE, Plaintiff, JACQUELINE KUCIA, respectfully requests that this Court enter an order granting JACQUELINE KUCIA the following relief:

A. Reinstatement to her position, with all back pay, employee benefits, and pension benefits restored;

B. If no comparable position is available, then an award for front pay and all prospective lost benefits; and

C. Compensatory and liquidated damages, including punitive damages, attorneys' fees and costs, in an amount which will fully and fairly compensate her for her injuries and damages including but not limited to back pay, front pay, employee benefits and other emoluments of employment and such other relief as this Court deems just and proper.

**COUNT II – VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**

31. KUCIA was on approved FMLA leave beginning on or about January 27, 2015 and continuing to February 26, 2015 and intermittently thereafter in April and May of 2015, which FMLA leave was approved by ADM as a result of KUCIA's serious health conditions, including but not limited to her diagnosed conditions and related symptoms, which conditions

were disabling at times and at times impaired KUCIA's physical activities and for which ADM allowed KUCIA to use FMLA leave.

32. KUCIA was able to return to modified work with restrictions on April 2, 2015. KUCIA requested accommodation to work a modified work schedule on a remote basis as prescribed by her treating physician for a limited period of time beginning April 2, 2015. KUCIA notified ADM in accordance with ADM's policies and procedures relating to return from leaves of absence, including but not limited to FMLA leaves. KUCIA was denied the requested accommodations which would have allowed KUCIA to adhere to her physician's modified duty restrictions for the requisite period and return to work on a modified duty basis. Thereafter, on or about May 5, 2015, KUCIA was returned to work without restrictions and was able to perform the essential functions of her position with ADM thereafter and to the date of her separation of employment on May 8, 2015.

33. KUCIA was entitled to FMLA leave as an employee of ADM.

34. That ADM's refusal to: i) restore KUCIA to her work status and grant her the employee benefits KUCIA enjoyed prior to her use of her FMLA leave; and ii) grant her reasonable request for accommodation to return to modified duty work on April 2, 2015; were adverse employment actions by ADM against KUCIA causing KUCIA to have to seek other employment due to ADM's failure to offer assurance of continued employment and continued employee benefits for KUCIA. That ADM's foregoing actions and omissions were in retaliation for KUCIA's exercise of her rights under the FMLA in violation of the provisions of the FMLA and were pretext for unlawful discrimination by ADM.

35. At all times relevant hereto, there was in existence a law of the United States known as the Family and Medical Leave Act, 29 U.S.C. §2601 et seq. and the purpose of said

law was to entitle employees to take reasonable leave for medical purposes with job restoration upon return.

36. KUCIA was an eligible employee as defined by the federal statute known as the Family and Medical Leave Act, 29 U.S.C. §2601 et seq ("FMLA").

37. At all times relevant herein, ADM was an employer within the meaning of the FMLA.

38. At all times relevant herein, ADM by and through its authorized agents had a duty to abide by the provisions of the FMLA and ADM's own FMLA policies and further had a duty not to interfere with or coerce its employees in the exercise of their rights afforded covered employees under the FMLA and/or ADM'S own FMLA policies.

39. ADM is guilty of one or more of the following acts:

a. Refusing to provide KUCIA with restoration of her employee position and employee benefits following her use of leave afforded to KUCIA in violation of the FMLA;

b. Otherwise violating KUCIA's rights to medical leave, reinstatement and restoration of benefits in violation of the FMLA and/or ADM's own FMLA policies.

35. ADM's wrongful acts by and through its agents were deliberate, intentional, willful, wanton and malicious and in total disregard to KUCIA's rights under the FMLA.

WHEREFORE, Plaintiff, JACQUELINE KUCIA, respectfully requests judgment against Defendant, ARCHER-DANIELS-MIDLAND COMPANY, a Delaware corporation, in an amount which will fully and fairly compensate her for her injuries and damages, including but not limited to back pay, front pay, employee benefits and other emoluments of employment,

prejudgment interest, attorneys' fees and such other relief as this Court deems just, proper and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS OF THIS COMPLAINT.

                                                Respectfully Submitted,

                                                Plaintiff, JACQUELINE KUCIA,

                                                BY: s/Dawn L. Wall_____
                                                Dawn L. Wall, Bar No. 6196948
                                                Costigan & Wollrab, P.C
                                                308 E. Washington Street
                                                PO Box 3127
                                                Bloomington, IL 61702-3127
                                                TEL: 309-828-4310
                                                FAX: 309-828-4325
                                                dwall@cwlawoffice.com